

FILED
CLERK, U.S. DISTRICT COURT

SEP 16 2016

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RICKY LORENZO PEREZ,<br>aka "Wicked,"<br><br>Defendant. | Case No. CR 16-390-R<br><br>ORDER OF DETENTION |

I.

On September 14, 2016, Defendant Ricky Perez made his initial appearance on the charges in this case. At Defendant's request, a detention hearing was continued to September 16, 2016.

The Court conducted a detention hearing on September 16, 2016. Assistant U.S. Attorney Jamie Lang appeared on behalf of Plaintiff United States of America, and David Reed, previously appointed, appeared on behalf of Defendant. The Court has received and reviewed the report issued by Pretrial

Services on September 14, 2016, and its recommendation that Defendant be detained, and the Pretrial Services communication dated September 16, 2016, indicating that it continues to recommend detention.

The Court conducted a detention hearing:

☒ On motion of the Government [18 U.S.C. § 3142(f)(1)] in a case allegedly involving a narcotics or controlled substance offense with maximum sentence of ten or more years.

☒ On motion by the Government or on the Court's own motion [18 U.S.C. § 3142(f)(2)] in a case allegedly involving a serious risk that the defendant will flee.

The Court concludes that the Government *is entitled to a rebuttable presumption* that no condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety of any person or the community [18 U.S.C. § 3142(e)(2)].

## II.

The Court finds that no condition or combination of conditions will reasonably assure: ☒ the appearance of the defendant as required.

☒ the safety of any person or the community.

## III.

The Court has considered: (a) the nature and circumstances of the offense(s) charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device; (b) the weight of evidence against the defendant; (c) the history and characteristics of the defendant; and (d) the nature and seriousness of the danger to any person or the community. [18 U.S.C. § 3142(g)] The Court also considered all the evidence adduced at the hearing, the arguments of counsel, and the report and recommendation of the U.S. Pretrial Services Agency.

IV.

The Court bases its conclusions on the following:

As to risk of non-appearance:

☒ Lack of sufficient bail resources – to include a secured bond. The Court finds Defendant's proposed sureties to unsecured appearance bonds totaling $60,000 to be insufficient to mitigate the risk of flight.

☒ History of non-compliance with Court Orders and probation revocation in 2001, 2003 and 2006 as indicated in the Pretrial Services Report at 6-7.

☒ Unrebutted presumption [18 U.S.C. § 3142(e)(2)]

As to danger to the community:

☒ Criminal History includes felony convictions for burglary (for which probation was revoked in 2001), drug offenses and firearms offenses (for which parole was revoked) and convictions as recent as 2013 and 2015.

☒ Allegations in present charging document which allege that defendant used coded language to communicate the need to assault a rival gang member in retaliation for an assault on a gang that defendant is allegedly involved with. (See Indictment, Count 1 ¶368, and Count 9).

☒ Unrebutted presumption [18 U.S.C. § 3142(e)(2)]

V.

☐ The Court finds a serious risk that the defendant will
    ☐ obstruct or attempt to obstruct justice.
    ☐ threaten, injure or intimidate a prospective witness or juror, or attempt to do so.

The Court bases its conclusions on the following:

VI.

IT IS THEREFORE ORDERED that the defendant be detained until trial. The defendant will be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant will be afforded reasonable opportunity for private consultation with counsel. On order of a Court of the United States or on request of any attorney for the Government, the person in charge of the corrections facility in which defendant is confined will deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding. [18 U.S.C. § 3142(i)]

This Order is without prejudice.

Dated: September 16, 2016

        /s/
HON. ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE